IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Marion Wade Frye,<br><br>          Petitioner,<br><br>vs.<br><br>Warden of Broad River Correctional Institution,<br><br>          Respondent. | Case No.: 5:24-cv-1585-JD-KDW<br><br>**ORDER AND OPINION** |

This matter is before the Court with the Report and Recommendation ("Report") of United States Magistrate Judge Kaymani D. West (DE 41) made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina regarding Respondent Warden of Broad River Correctional Institution's ("Warden" or "Respondent") Motion for Summary Judgment (DE 20).[1]

**A.  Background**

The Report sets forth the relevant facts and legal standards, which the Court incorporates without a complete recitation. In any event, the Court provides this summary as a brief background.

Petitioner Marion Wade Frye ("Frye" or "Petitioner") is incarcerated at the Tyger River Correctional Institution of the South Carolina Department of Corrections Facility in the South Carolina Department of Corrections ("SCDC"). In 2018, Frye

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

was on trial for murder when he alerted the Court that he wished to enter an *Alford* guilty plea for involuntary manslaughter. (App. 556–58.)[2] Petitioner was represented by Assistant Public Defender David Mauldin ("Trial Counsel"). *Id.* When examined by the court, Frye at first indicated dissatisfaction with his attorney's representation of him. (*Id.* at 558 – 69.) Petitioner said he wished to proceed with the trial, and the State proceeded with its case before the jury. (*Id.* at 569–72.)

After the State presented additional witnesses, Petitioner informed the court there had been a misunderstanding, and he wished to proceed with his plea. (*Id.* at 574–98.) The court repeatedly asked Petitioner whether he was satisfied with his attorney, and Petitioner answered that he was. (*Id.* at 598–99.) Following additional examination by the court concerning Petitioner's satisfaction with his attorney's representation and the voluntariness of Petitioner's decision to enter a plea, Petitioner entered an *Alford* guilty plea to voluntary manslaughter, and the court sentenced him to 22 years imprisonment. (*Id.* at 600–605, 648–49.)

Petitioner filed a notice of appeal on February 16, 2018 (DE 19-3), and thereafter filed documents listing legal grounds for his appeal. (DE 19-4, 19-5.) The South Carolina Court of Appeals dismissed Frye's appeal on March 30, 2018, for failure to provide a sufficient explanation to merit the appeal under Rule 203(d)(l)(B)(iv) of the South Carolina Appellate Court Rules (SCACR). (App. 651.)

---

[2]    Citations to "App." refer to the Appendix for Petitioner's trial and plea transcript and Post-Conviction Relief ("PCR") proceedings, and the page numbers on the top of the page. That appendix is available at DE 19-1 to 19-2 in this habeas matter.

Frye then applied for post-conviction relief ("PCR") on February 15, 2019, based on ineffective assistance of counsel, due process/prejudice, and prosecutorial misconduct. (App. 653, 662–63.) After Petitioner filed an amended PCR application on August 24, 2021 (App. 685–87), an evidentiary hearing was held before a state court judge on September 1, 2021. (App. 688–771.) Petitioner was present and represented by Attorney Ashley A. McMahon. (*See id.*) Petitioner and his Trial Counsel testified at the hearing. (*Id.*) On November 15, 2021, the state court dismissed Petitioner's PCR application with prejudice. (App. 774–94.)

Petitioner appealed the dismissal of his PCR application. (DE 19-6.) Appellate Defender Joanna K. Delany, of the South Carolina Commission on Indigent Defense, Division of Appellate Defense, represented Petitioner on appeal. (DE 19-7.) Petitioner, through counsel, petitioned for a writ of certiorari in the South Carolina Supreme Court on August 8, 2022, which was transferred to the South Carolina Court of Appeals and denied on September 21, 2023 (DE 19-10, 19-11). The Remittitur was issued on October 12, 2023. (DE 19-12.)

This Petition followed on March 28, 2024. (DE 1.) Petitioner raises these grounds in his petition:

**GROUND ONE:** Procedural Default

> Supporting Facts: I was not represented by competent counsel at my direct appeal process. Robert Michael Dudek, Esquire, never came to see me, nor asked me any questions to my complants of trial counsel, David M. Mauldin. I only received a letter stating the attorney's name. I was forced to explain myself, without competent counsels, at this stage and was over all dismissed for, failure to provide a sufficient explanation, (SCACR) Rule 203(d)(1)(B)(iv) of the South Carolina Appellate Court Rules.

3

**GROUND TWO:** Trial Counsels ineffectiveness due to failure to disclose Rule 5 Motion of Discovery "Evidence" in full, before trial; Appendix p. 238 line 6-11, After Discovered Evidence.

> <u>Supporting facts</u>: 1. PCR's Exhibit 1 of the autopsy reports. 2) The evidence of search warrants signed by the Judge of specific dates of 9-30-15 – 10-2-2015, where not disclosed. 3) missing clothing, "Evidence," that I requested to be tested before trial, for GSR, and was not aware of being missing until after PCR attorney Ashley McMahon provided additional discovery before PCR hearing.// Appellate case No. 2021-001406, Appendix p. 773 1.) additional discovery. Exhibit 1. 3) Appendix p. 767 line 2-20; "Additional Discovery"

**ROUND THREE:** Counsel failed to return to crime scene and failed to investigate conflicting evidence at scene of crime

> Supporting facts: State of South Carolina, In the Supreme Court; Appellate Case No. 2021-001406 Appendix P. 755; line 12-21. This coincides, goes together with, Appendix p. 773 of bullet trajectory and ricochete, of conflicting evidence and expert testimony at trial. Her report was not dated until after the deceased had already left Dr. Ross's possession, I believe to be three (3) day later
> Appendix p. 743-744 (24-25) –743, 744:line 1-9
> Appendix p. 755, line 12-21; Expert Witness, Reverse Projection Photogrammetry Analysis.

**GROUND FOUR:** Counsel failed to call/subpoena witnesses and experts about conflicting evidence to present at trial, or investigate at request

**Supporting facts:** Appendix p. 752, line 10-17, 21-23
Appendix p. 746, line 14-18 – Appendix p. 752: line 10-17 lottery ticket video and witness who sold and cashed the $500.00 ticket at Village Store in Lexington Appendix p. 767; line 2-20, Scientific Expert Witness: Gun Shot Residue; Physicists; Appendix p. 741; line 21-24, witness who wrote statement; Anthony Boulware Appendix p. 768; line 2-7, Scientific Expert, blood splatter analyist and serologist Appendix p. 755; line 12-25, Scientific Expert, Reverse Projection Photogrammetry analysis

(DE 1 at 5 -11 (errors in original).)

On June 28, 2024, Respondent moved for summary judgment (DE 20) along with a return and memorandum (DE 19). On July 1, 2024, under *Roseboro*, 528 F.2d 309, Petitioner was advised of the motion to dismiss and motion for summary judgment procedures and the possible consequences if he failed to respond adequately to Respondent's motion (DE 21). Petitioner filed a response (DE 25), and Respondent filed a reply (DE 34). Accordingly, this matter is now ripe for review.

### B. Report and Recommendation

On October 16, 2024, the Magistrate Judge issued the Report recommending that Respondent's motion for summary judgment (DE 20) be granted. (DE 41.) The Report recommends dismissing Petitioner's claims on summary judgment because the statute of limitations bars Petitioner's § 2254 Petition. (DE 41.)

The Report sets forth the applicable law. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides that "[a] 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The AEDPA also provides that the limitation period shall run from the latest of:

> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).

The Report also analyzed the timeliness of Frye's petition, which noted that Petitioner appealed his conviction by filing a Notice of Appeal that was dismissed by the Court of Appeals on March 30, 2018, for failure to provide a sufficient explanation to merit the appeal. (App. 651.) The Report reasoned that because Petitioner did not petition to reinstate his appeal, Petitioner's conviction became final on April 17, 2018, after the time period for petitioning to reinstate had expired.[3] Petitioner's filing of his PCR application on February 15, 2019 (App. 653, 662–63), tolled the one-year limitations period (*see* 28 U.S.C. § 2244(d)(2)), at which time 304 days had elapsed, leaving 61 days within which Petitioner could timely file a federal habeas petition.

The statute of limitations remained tolled until, at the very latest, on October 12, 2023, upon the filing of the remittitur in Lexington County from the Court of Appeals order denying the petition for writ of certiorari. (DE 19-2.) Accordingly, the statute of limitations expired on December 11, 2023; however, the Report concludes that Petitioner did not file his habeas action until March 28, 2024, 108 days after the

---

[3]  *See* Rule 260 (b), SCACR ("Whenever it appears that an appellant or a petitioner has failed to comply with the requirements of these Rules, the clerk shall issue an order of dismissal, which shall have the same force and effect as an order of the appellate court. A case shall not be reinstated except by leave of the court, upon good cause shown, after notice to all parties. The clerk shall remit the case to the lower court or administrative tribunal in accordance with Rule 221 unless a motion to reinstate the appeal has been actually received by the court within fifteen (15) days of filing of the order of dismissal (the day of filing being excluded)."); Rule 242(c), SCACR (providing that a decision of the Court of Appeals "is not final for the purpose of review by the Supreme Court until the petition for rehearing or reinstatement has been acted on by the Court of Appeals.").

statute of limitations had run, nor does Petitioner allege, and the record does not support the finding of, any extraordinary circumstances that merit equitable tolling of the limitation period.

### C. Legal Standard

To be actionable, objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (2005) (citing *Thomas v. Arn*, 474 U.S. 140, 147 (1985) (emphasis added)). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

### D. Petitioner's Objection

Frye asserts a single objection to the Report, stating "Petitioner's Judgment of conviction . . . became final when Petitioner's time for seeking review with the State's (sic) highest court expired," which Petitioner alleges was July 17, 2018 (instead of April 17, 2018), under the holding in *Gonzalez*, 565 U.S. at 151, and therefore, timely. (DE 44.) Frye does not provide an analysis or show a calculation of the deadline to file a habeas petition. Nevertheless, even if his date were correct, which the Court

7

does not agree, Frye's March 11, 2023, petition would still be untimely. Accepting July 17, 2018 (instead of April 17) as the date Petitioner's conviction became final would only add an around 91 days (April 17 to July 17, 2018) to the tolled statute of limitations, which is less than the 108 days by which the petition was untimely filed. Nor has Petitioner provided grounds for extraordinary circumstances that merit equitable tolling of the limitation period. Therefore, the Court overrules Petitioner's objection.

### E. Conclusion

Accordingly, after a thorough review of the Report and Recommendation and the record in this case, the Court adopts the Report (DE 41) and incorporates it here by reference.

It is, therefore, **ORDERED** that Respondent's Motion for Summary Judgment (DE 50) is granted, and the Petition is dismissed. Further, it is **ORDERED** that a certificate of appealability is denied because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

*[Signature]*
Joseph Dawson, III
United States District Judge

Florence, South Carolina
March 12, 2025

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order within thirty (30) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.